**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>      Plaintiff,<br><br>vs.<br><br>HPTRI Corporation et al.,<br><br>      Defendants. | No. CV-20-01868-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff's Motion to Remand Counts 6, 7, and 8 Pursuant to 28 U.S.C. 1447(c). (Doc. 14). For the following reasons, the Court will *sua sponte* remand the entire case for lack of subject matter jurisdiction.

**I. BACKGROUND**

  On or about July 18, 2020, Plaintiff visited Defendants' hotel to test its compliance with the Americans with Disabilities Act ("ADA"). (Doc. 1-1 at 22). On August 17, 2020, Plaintiff filed a complaint in Maricopa County Superior Court alleging eight causes of action: (1) violations of the ADA, (2) negligence, (3) negligent misrepresentation, (4) failure to disclose, (5) fraud, (6) "brand deceit," (7) civil conspiracy, and (8) aiding and abetting. (Doc. 1-1 at 20-31). On September 25, 2020, Defendants removed the action to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the related state law claims. (Doc. 1 at 2). There are also fourteen other cases brought by Plaintiff pending in this Court alleging similar claims against various

hotels across Arizona.[1] On October 26, 2020, Plaintiff filed the instant Motion to Remand Counts 6, 7, and 8. (Doc. 14). These claims each relate to the theory that Defendants "used recognizable brand names . . . in order to hide the true ownership and operational management of the hotel or motel." (Doc. 1-1 at 27). Plaintiff argues these claims are "completely unrelated to the predicate ADA claim" and are "novel claim[s] under state law." (Doc. 14 at 1).

**II.   SUPPLEMENTAL JURISDICTION**

Generally, a civil action filed in state court may be removed if the district court has original jurisdiction. 28 U.S.C. § 1441(a)-(b). Claims arising under the laws of the United States are considered within the original jurisdiction of the Federal Courts. 28 U.S.C. § 1331. In a civil action in which a district court has original jurisdiction over at least one claim, the court also has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, district courts have discretion to decline to exercise supplemental jurisdiction where "the district court had dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, notwithstanding the parties' arguments on supplemental jurisdiction, the Court has doubts as to whether Plaintiff even has standing to bring his ADA claim. If the Court lacks subject matter jurisdiction over that claim, it cannot maintain supplemental jurisdiction over the state law claims. *See, e.g.*, *Skysign Int'l, Inc. v. City and County of Honolulu*, 276 F.3d 1109, 1118 n.7 (9th Cir. 2002) ("[H]ad Skysign lacked standing to bring its federal claim, the district court would have lacked subject matter jurisdiction over that claim and accordingly would have had no discretion to hear the state law claims."). The Court will therefore consider Plaintiff's standing *sua sponte* before determining

---

[1] Those cases are: 2:20-cv-00343-DWL; 2:20-cv-01434-JJT; 3:20-cv-08194-JAT; 4:20-cv-00331-JGZ; 2:20-cv-01532-DJH; 2:20-cv-01566-DJH; 3:20-cv-08232-JJT; 2:20-cv-01763-JJT; 3:20-cv-08247-JAT; 3:20-cv-08268-DWL; 3:20-cv-08264-JJT; 2:20-cv-02065-DLR; 3:20-cv-08276-SPL; and 3:20-cv-08262-DWL.

whether supplemental jurisdiction is appropriate.[2]

## III.   STANDING

### A.  Legal Standard

In ADA cases, "to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). At an "irreducible minimum," plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, ―― U.S. ――, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citation omitted). "In the context of injunctive relief, [the plaintiff] must *additionally* . . . establish a 'real and immediate threat of repeated injury.'" *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004) (emphasis added) (citations omitted).

When bringing claims under the ADA, standing can be shown "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). In other words, an ADA plaintiff has standing if he "intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury" or, alternatively, if he "has actual knowledge of illegal barriers at a public accommodation to which he or she desires access . . . and remains deterred." *Id.* at 948; *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135-37 (9th Cir. 2002).

---

[2] Although Defendants raised lack of standing as an affirmative defense in their Answer (Doc. 11 at 5), they have not moved to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1). Nonetheless, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted).

For the following reasons, Plaintiff fails to sufficiently allege either an injury-in-fact or a threat of repeated injury, and therefore lacks standing to bring his ADA claim.

**B. Analysis**

Plaintiff here, Peter Strojnik, is a serial litigant who has "filed over 1,700 complaints in Arizona state court and over 160 complaints in the Arizona District Court alleging violations of the Americans with Disabilities Act ('ADA') and the Arizonans with Disabilities Act ('AzDA')." *Strojnik v. State Bar of Arizona*, 446 F. Supp. 3d 566, 571 (D. Ariz. 2020). As this Court explained in *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, most of Strojnik's cases have been dismissed "with prejudice for lack of standing." 279 F. Supp. 3d 891, 894 (D. Ariz. 2017). After Strojnik was disbarred "in connection with his alleged fraudulent scheme involving the filing of hundreds of disability-related lawsuits in state and federal courts," *State Bar of Arizona*, 446 F. Supp. at 566, Strojnik began filing similar cases on his own behalf, but those cases have continued to meet the same fate, *see Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12 (N.D. Cal. June 1, 2020) (explaining that "the vast majority of courts who have reached the issue have granted Rule 12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis"); *Strojnik v. Vill. 1017 Coronado, Inc.*, No. 19-CV-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (collecting cases and noting that "[Strojnik], both as a lawyer in Arizona, and now acting pro se, has filed identical allegations in multiple courts and has been repeatedly told that the allegations are insufficient for standing"). Unsurprisingly, Strojnik also fails to sufficiently allege standing in this case.

    *i. Injury-in-fact*

First, Strojnik's alleged injury is neither concrete nor particularized. In his Complaint, Strojnik alleges that Defendants' website failed to provide sufficient evidence of ADA compliance, and that, after visiting the hotel and learning of its alleged failures to comply, "Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability." (Doc.

1-1 at 11, 40). But beyond this conclusory statement, Strojnik fails to show how the alleged lack of accommodations inhibit him because of his specific disabilities. Instead, the Complaint merely lists off Strojnik's disabilities, includes grainy photos of areas of Defendants' hotel he claims fall below ADA standards generally, and alleges that "the violations documented above are directly related to his disabilities by the application and use of common sense." (Doc. 1-1 at 22). But it is not this Court's job to connect the metaphorical dots of injury-in-fact—it is Strojnik's. And he has failed to meet his burden.

For example, Strojnik alleges that the hotel's "[p]ool accessibility hardware [is] too high" and that it has a "[n]on-fixed pool lift" and "[n]on-fixed spa lift." (Doc. 1-1 at 20, 21). Nowhere in the Complaint, however, does Strojnik allege how he was or will be denied access to the pool because of the hardware's placement or non-fixed lifts. Similarly, Strojnik alleges that Defendants' hotel has "[n]o van accessibility signage" and that the "[a]ccessible parking slope" and "[p]assenger loading zone" are "too steep." (Doc. 11-1 at 13, 15). However, regarding his own personal wheelchair use, Strojnik only alleges he requires the use of a wheelchair to ambulate when his disabilities are "in their unmitigated state." (Doc. 1-1 at 7). Missing from the Complaint, however, are any factual allegations from which this Court can conclude Plaintiff needed to use his wheelchair when he visited the hotel, or even how frequently Plaintiff needs a wheelchair generally. *Compare Strojnik v. Village 1017 Coronado, Inc*., No. 19-cv-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (finding Strojnik failed to establish Article III standing where he "d[id] not allege when he needs the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time he wished to visit the Hotel"); *and Rutherford v. Cesar's Mexican Rest.*, LLC, No. 19-cv-1416-LAB-JLB, 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he did not allege whether he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users); *with Pickern*, 293 F.3d at 1136 (holding that the plaintiff, who required use of a wheelchair, adequately plead an injury-in-fact because he was forced to wait in the parking lot of the grocery store in violation of

the ADA due to the store's lack of wheelchair access, thus establishing that he required wheelchair access at the time he patronized the store).

Instead, for each alleged ADA violation, Strojnik includes the same conclusory allegation: "An encounter with non-compliant" areas of Defendants' hotel "causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of fill and equal employment of the hotel." (Doc. 1-1 at 9-11). In an even more conclusory fashion, Strojnik claims these alleged ADA violations "deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." (Doc. 1-1 at 13). But saying these violations give him standing does not make it so. To plead standing sufficiently, Strojnik must allege "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). He fails to do so here.

As the Northern District of California has noted, "Strojnik has a longstanding practice of failing to allege basic facts about standing such as a connection between a barrier and [his] disability." *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-3983-DMR, 2020 WL 2838814 (N.D. Cal. June 1, 2020); *see also Strojnik v. BW RRI II, LLC*, No. 20-CV-03142-AGT, 2020 WL 5210897, at *1 (N.D. Cal. Sept. 1, 2020) ("Because Strojnik hasn't explained how he was harmed by the hotel's accessibility barriers, he hasn't sufficiently alleged an injury-in-fact."). Further, where Strojnik fails to connect the alleged ADA violations to his specific disabilities, the grainy photos of the alleged violations in the Complaint do nothing to give him standing. *See, e.g., Strojnik v. Four Sisters Inns, Inc.*, 2019 WL 6700939, at *3 (C.D. Cal. Dec. 9, 2019) (holding Strojnik's photographs and captions to be bare legal conclusions insufficient to show how there are purported barriers his to accessibility); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 WL 6212084, at *3 (E.D. Cal. Nov. 21, 2019) (same); *Strojnik v. 1315 Orange LLC*, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019) (same); *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1340 (E.D. Cal. 2020) (same). Accordingly, Strojnik fails to show the injury-in-fact required for standing.

///

### ii. *Real and immediate threat of repeated injury*

Nor has Strojnik sufficiently shown a genuine intent to return to Defendant's hotel and, as such, he fails to allege "deterrence" under *Chapman*. 631 F.3d at 944.[3] Because Strojnik seeks injunctive relief, he must establish a "real and immediate threat of repeated injury," or, in other words, that there is "a sufficient likelihood that he will again be wronged in a similar way[.]" *Fortyune*, 364 F.3d at 1081 (internal quotation marks omitted). "[A] plaintiff who 'has visited a public accommodation on a prior occasion' demonstrates a real and immediate threat if he 'is currently deterred from visiting that accommodation by accessibility barriers.'" *Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014) (citations omitted).

However, for a plaintiff to "satisfy the requirement of imminent injury" under the deterrence theory, he must express more than a "vague desire to return" to the hotel. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). As the United States Supreme Court has repeatedly held, "a profession of an 'inten[t]' to return to the places they had visited before . . . is simply not enough. Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

Strojnik's Complaint alleges he "intends to return to the Hotels periodically to test them for ADA compliance." (Doc. 1-1 at 4). But he doesn't specify when he intends to

---

[3] Because Strojnik has not adequately pleaded an injury-in-fact, the Court technically need not reach the issue of whether he has sufficiently alleged an intent to return to Defendants' hotel. *See Chapman*, 631 F.3d at 944 (holding that an ADA plaintiff may establish standing by "demonstrating injury-in-fact *coupled with* an intent to return to a noncompliant facility") (emphasis added). However, Strojnik's intent to return to the hotel is relevant under *Chapman*'s alternative "deterrence" theory. *See, e.g.*, *Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *6 (N.D. Cal. June 1, 2020) ("However, even under a deterrence theory, a plaintiff must allege 'actual knowledge of a barrier' *and an intent to visit a facility once it is ADA compliant*.") (emphasis added) (citing *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017)).

return or provide any evidence of such an intent. To the contrary, Strojnik's litigious history casts doubt on the sincerity of his professed intent to return to Defendants' hotel. *See, e.g.*, *Strojnik v. BW RRI II, LLC*, No. 20-CV-03142-AGT, 2020 WL 5210897, at *2 (N.D. Cal. Sept. 1, 2020) ("Given the volume of cases Strojnik has filed (numbering in the thousands according to the Arizona Bar), and his litigation practices, there is reason to doubt the veracity of his averment that he intends to visit the [defendant's hotel] after the hotel's accessibility barriers are removed. More likely is that he will try to obtain a monetary settlement and move on."). Strojnik's conclusory statement of intent to return, without more, fails to show how Strojnik will suffer imminent injury by Defendants' alleged failure to implement certain accommodations. *See Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *2 (D. Ariz. May 25, 2018) (dismissing Strojnik's ADA claim for lack of standing because he only made "the bare allegation that he 'intends to book a room at the Defendant's hotel once Defendant has removed all accessibility barriers.'"). Accordingly, Strojnik fails to show the "real and immediate threat of repeated injury" required for ADA standing. *Fortyune*, 364 F.3d at 1081.

**IV.    CONCLUSION**

For the aforementioned reasons, Strojnik fails to show either that he has suffered an injury-in-fact or a threat of repeated injury. Strojnik therefore lacks standing to bring his ADA claim. *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) ("The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel.").

Because the Court lacks subject matter jurisdiction over the ADA claim, it cannot exercise supplemental jurisdiction over the state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over [plaintiff's] state law claims.") (citing 28 U.S.C. § 1367(a)); *see also Strojnik v. Hotel Circle GL Holdings, LLC*, No. 119-CV-01194-DAD-EPG, 2019 WL 6212084, at *6 (E.D.

Cal. Nov. 21, 2019) (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim failed for lack of standing).

The Court will therefore remand the entire case. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014) ("[T]he district court may remand at any time prior to final judgment for lack of subject matter jurisdiction"); *see also Advocates for Individuals With Disabilities LLC v. WSA Properties LLC*, 210 F. Supp. 3d 1213, 1225 (D. Ariz. 2016) (concluding, after finding Strojnik's ADA claims lacked Article III standing, that "the Court will remand rather than dismiss this case. In remanding, the Court will not dismiss the federal ADA claims because state courts have concurrent jurisdiction over those claims and the state courts may decide [whether Strojnik has] sufficient standing to pursue them").[4] Accordingly,

**IT IS ORDERED** remanding this action to state court *sua sponte* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand Counts 6, 7, and 8 Pursuant to 28 U.S.C. 1447(c) (Doc. 14) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

///
///
///
///
///

---

[4] The Court declines to grant Strojnik leave to amend his Complaint. Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) (although "leave to amend should be 'freely' given, that liberality does not apply when amendment would be futile"); *see also Strojnik v. Kapalua Land Co., Ltd.*, 801 Fed. App'x 531 (9th Cir. 2020) (affirming district court decisions to dismiss Strojnik's complaints without leave to amend because amendment would be futile); *Pasadena Robles*, 801 Fed. App'x at 570 (same).

**IT IS FURTHER ORDERED** that this Court will not rule on Plaintiff's Motion to Dismiss Counts/Claims (Doc. 15) and it shall be administratively terminated by the Clerk of Court.

Dated this 17th day of November, 2020.

Honorable Steven P. Logan
United States District Judge